UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUN 3 - 2004
FILED
2004 JUN 25 P 3: 18
U.S. DISTRICT COURT
BRIDGEPORT, CONN

REGINALD HARRIS

VS.

JOHN ARMSTRONG, ET AL.

PRISONER

NO. 3;03CV665(RNC)(D

MAY 17, 2004

## PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Pursaunt to 'Prisoners Self-help litigation manual' Section and chapter VIII-K.(1) par.,2 "If you are challenging prison conditions or practices that do not affect the length of your sentence, you may use 42U.S.C.§1983. You need not exhaust your state judicial remedies.[1] ORdinarily you need not exhaust your state administrative remedies before using §1983.[2] You also need not comply with state and local "Notice of Claims" rules before bringing a §1983 suit.

Plaintiff goes on to say although he'd exhausted institutional remedies in several forms and fashions, verbal, grievances, requests and etc.,. Phonecalls from plaintiffs family members were also made to try and remedy the problems. Also plaintiffs claims remedies extend beyond the grievance levels, but he still exhausted them.

In fact , most cases of plaintiffs claim-he was transfered out before any answer to some grievances. Or grievances somehow fell through the cracks unless the remedy was simple.

---

1. Monroe v. Pape, 365U.S. 167,183,81.S.Ct.473 (1961)
2. Patsy v. Board of Regents of State of Florida,457 U.S.496,102

Plaintiff also wishes the court to know that a bulk of his supporting evidence of his exhaustion of remedies and support of his claim will be obtained in his Motions to discover and interrogatories and etc., if the court grants plaintiffs motions for such.

*Reginald Harris*
Plaintiff

---

S.Ct.2557(1982). This rule applies in State Court, §1983 actions as well as Federal Court suits. Earle v Gunnell, 78 Md. App. 648, 554 A.2d. 1256, 1261 (Ct. App. 1989)

I HEREBY CERTIFY a COPY OF THIS MOTION ATTACHED WAS SENT ALSO TO:
LYNN D. WITTENBRINK
110 SHERMAN STREET } ASST ATT GENERAL
HARTFORD, CONN. 06105

*Reginald Harris*