UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 MAR 31  P 4:31
DISTRICT COURT
HARTFORD CT

REGINALD HARRIS,

    Plaintiff,

v.

                    PRISONER
                    Case No. 3:02CV665(RNC)

JOHN ARMSTRONG, ET AL.,

    Defendants.

## RULING AND ORDER

Plaintiff Reginald Harris, an inmate at MacDougall-Walker Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 against former Connecticut Department of Correction Commissioner John Armstrong, Doctor Mingzer Tung and Nurse Supervisor Joan Dobson claiming that when he was incarcerated at Garner Correctional Institution they were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments. Plaintiff has moved for leave to file a second amended complaint. Defendants have moved to dismiss the complaint and for a protective order. For the reasons that follow, plaintiff's motion is denied, the motion to dismiss is granted in part and denied in part, and the motion for protective order is granted.

## Summary of the Complaint

The operative complaint in this case, the first amended complaint, was filed in February 2003. It alleges that when

plaintiff was at Garner, he was transported to MacDougall-Walker three times a week for dialysis treatments, which were performed under the direction of a kidney specialist, who also prescribed medications for the plaintiff. According to the complaint, Dr. Tung prevented plaintiff from getting dialysis treatments on several occasions, failed to comply with orders issued by the kidney specialist to help plaintiff withstand his dialysis treatments and associated pain, wrongly discontinued several of his medications, refused to see him even when nursing staff requested that he be seen by a doctor immediately, and refused to provide him with a kidney transplant. With regard to Supervisor Dobson, the gist of the allegations is that, in her capacity as Garner's grievance coordinator, she improperly treated plaintiff's emergency grievances as if they entailed no emergency, thus causing him to suffer unwarranted delay in obtaining emergency treatment. Finally, with regard to former Commissioner Armstrong, the complaint alleges that plaintiff should have been transferred from Garner to MacDougall-Walker, where he could get dialysis treatments without having to be shuttled back and forth between the two facilities at state expense.

The Motion for Leave to Amend

Plaintiff seeks leave to file a second amended complaint to add numerous defendants and claims concerning medical care he received in the past at other correctional facilities besides

Garner and medical care he is receiving at MacDougall-Walker. These new claims are not factually or legally related to his existing claims concerning the care he received at Garner.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. The proposed amendments would not serve these purposes but instead would add numerous unrelated parties and claims. Accordingly, the motion for leave to amend is denied.

Motion to Dismiss

Defendants move to dismiss any claims for money damages brought against them in their official capacities on the ground that such claims are barred by the Eleventh Amendment; any claims for declaratory and injunctive relief on the ground of mootness, plaintiff having been transferred from Garner; the claims against former Commissioner Armstrong on the ground that the complaint does not allege that he was personally involved in the claimed violations of plaintiff's constitutional rights; and any conspiracy claim on the ground that the complaint fails to adequately allege any facts to support the existence of a conspiracy to violate plaintiff's rights. I agree that any and all such claims must be dismissed for substantially the reasons stated by defendants.

Defendants also move to dismiss any claims with respect to which plaintiff has failed to exhaust his administrative remedies on the ground that such exhaustion is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In this Circuit, failure to exhaust administrative remedies as required by the PLRA is an affirmative defense. Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999). As such, it generally is not amenable to resolution on a motion to dismiss. See Reyes v. Punzal, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002); Hallett v. N.Y. State Dep't of Corr. Servs., 109 F. Supp. 2d 190, 196-97 (S.D.N.Y. 2000). This case is no exception. Accordingly, the motion to dismiss based on plaintiff's alleged failure to exhaust administrative remedies is denied without prejudice.

Finally, defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims against Dr. Tung and Supervisor Dobson for failure to state a claim on which relief can be granted. Dismissal on this basis is proper only if it is clear that plaintiff can obtain no relief under any set of facts consistent with his allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Accepting plaintiff's allegations as true, and given him the benefit of all logical inferences, these defendants were deliberately indifferent to his need for dialysis treatments and other medical care in violation of his clearly established rights under the Eighth and Fourteenth

4

Amendments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Accordingly, the motion to dismiss these claims must be denied.

Motion for Protective Order

Defendants move for a protective order excusing them from responding to outstanding discovery requests until thirty days from the date of a ruling on their motion to dismiss. Defendants' motion is granted and they are directed to respond to all outstanding discovery requests within thirty days.

Conclusion

Accordingly, plaintiff's motion for leave to amend [Doc. # 34] is denied; defendants' motion to dismiss [Doc. # 29] is granted in part and denied in part; and defendants' motion for a protective order [Doc. # 31] is granted.

So ordered this 31st day of March 2005, at Hartford, Connecticut.

Robert N. Chatigny
United States District Judge

5