UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| REGINALD HARRIS | : | PRISONER<br>CIVIL NO. 3:02CV665(RNC) |
| v. | : |  |
| JOHN ARMSTRONG, ET AL. | : | MAY 13, 2005 |

## ANSWER, AFFIRMATIVE DEFENSES AND SET-OFF

The two remaining defendants, Joan Dobson and Dr. Tung, answer the plaintiff's complaint in correspondingly numbered paragraphs:

1. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

2. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

3. The defendants deny all allegations directed towards the former defendant John Armstrong. As to Dr. Tung, the defendants admit _. The defendants deny that Dr. Tung is solely responsible for the health and medical maintenance of all prisoners held at the Garner prison.

4. It is admitted that plaintiff is a dialysis patient who receives dialysis three times weekly. The defendants leave the plaintiff to his proof as to whether the dialysis unit specialist along with the kidney doctor sometimes make referrals and recommendations for certain medicines and or treatments. The defendants deny that regularly Dr. Tung has denied and

refused plaintiff so many of these prescriptions. The defendants deny that Dr. Tung has denied the plaintiff a kidney transplant.

5. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

6. The defendants leave the plaintiff to his proof as to whether he was subjected to constant pain and sufferings coupled with the risk of his life, although they deny that their actions caused him such pain, suffering or risk to his life. The defendants deny that Dr. Tung deliberately would "deny orders" without even discussing anything with plaintiff. The defendants deny the remainder.

7. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

8. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

The defendants do not respond to any of the lost property claims as those were directed at the defendant John Armstrong who is no longer a defendant in this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

All of the defendants in this matter are entitled to qualified immunity.

### Second Affirmative Defense

The plaintiff failed to exhaust his administrative remedies.

### Third Affirmative Defense

The plaintiff fails to state a claim upon which relief can be granted.

*Fourth Affirmative Defense*

The Eleventh Amendment provides immunity.

*Fifth Affirmative Defense*

The plaintiff's claims are precluded by Conn. Gen. Stat. §§ 4-141 through 4-164 and § 4-165.

*Sixth Affirmative Defense*

The defendants do not have sufficient personal involvement in any constitutional violations alleged.

*Seventh Affirmative Defense*

The plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata and prior pending action.

**CLAIM FOR SET-OFF**

The defendants are entitled to a set-off in the amount of the plaintiff's costs of incarceration.

        DEFENDANTS
        John Armstrong, Et Al.


        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


BY:    /s/_____
        Lynn D. Wittenbrink
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct08575
        E-Mail: lynn.wittenbrink@po.state.ct.us
        Tel.: (860) 808-5450
        Fax: (860) 808-5591

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this 13th day of May, 2005:

    Reginald Harris, Inmate #13817
    MacDougall-Walker Correctional Institution
    1153 East Street South
    Suffield, CT 06080

                                                   /s/_____
                                                   Lynn D. Wittenbrink
                                                   Assistant Attorney General