# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED
2005 JUN -2 P 4: 13
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

REGINALD HARRIS | PRISONER
vs. | DATE 5-30-05
JOHN ARMSTRONG, ET, AL. | DOC NO. 3:02CV665(RNC)(DFM)

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. § 1915(e)(1) indigent prisoners seeking relief under section 1983, may petition a Federal Court to appoint counsel to represent them.

### GROUNDS RELIED UPON

Before a court may exercise its discretion to appoint counsel, it must be satisfied that the petitioner's claim is "Colorable" TUCKER v. RANDALL, 948 F.2d. 388 391 (7th CIR 1991) ("Appointment of counsel

appropriate because plaintiff presented colorable claim of deliberate indifferance to serious medical needs resulting in permanent deformities").

In this case the Plaintiff has survived a motion to dismiss Ayer v. Ryan, 152 F.3d. 77, 83 (2d CIR 1998) in which this court recognized that the Plaintiff claims are in fact "colorable".

> In determaning the appropiateness of appointing counsel, the Circuit Courts also consider the complexity of the legal & factual issues involved, LOOKISH v. CUNNINGHAM, 787 F.2d 1, 4 (1st. CIR. 1986)

The Court is faced with four factors it must consider, Norton v. Dimazana, 122 F.3d 286, 293 (5th CIR 1997) in assessing whether to appoint counsel (1.) The type & complexity of the case; (2.) Whether the indigent litigant is capable of adequately presenting his case; (3.) Whether the

(2.)

litigant is in position to investigate the case adequately; (x.) Whether the evidence will consist in large part of conflicting testimony, thus requiring skill in presentation & cross-examination.

The Plaintiff maintains that the defendants took a "HURRY UP AND DIE" attitude towards the movants medical needs, knowing that there was a surgically placed "Shunt" implanted for dialysis treatments in his left wrist.

In telling the guards to "Handcuff him anyway" and "Intentionally ignoring the orders of the Neurosurgeon and Hemo dialysis doctors as well as the NO handcuff provision in the plaintiff's medical file. The defendants placed the Plaintiff's life in immediate danger and made the plaintiff face what the UNITED STATES SUPREME COURT refers to as a "Hobsons Choice".

(1.) Either the Plaintiff refuse to go to dialysis for his treatments and run the risk of quietly dieing in his cell, or

(3.)

falling into a dialysis coma [which after several missed treatments, happened.]

2.) Go to dialysis with a handcuff on both wrists knowing that if the driver so much as hit a speed bump or pothole and the cuff which isn't suppose to be on that wrist, slides up an inch or so, it would damage or rupture the delicate shunt implanted in Plaintiff's left wrist area. All while in the back of the van secured by safety belt as well as belly chains and leg irons, that the correctional officers can't under any circumstances, open any doors. And with no chance of getting medical help within the two minutes it would take for the shunt to bleed out and kill the Plaintiff as possibly stuck in traffic.

## CONCLUSION

The defendants don't dispute that the "NO HANDCUFF ORDER" was standing before these incidents and was thus Normal & standard proceedure, Nor do

(4.)

they dispute that they went back to that proceedure after these incidents.

The defendants don't dispute that damage and injury was caused, but instead evasively replies that they have no idea if the damages are permanent.

For all of the foregoing reasons the Plaintiff respectfully request that the Honorable Court appoint counsel for the Plaintiff.

Respectfully submitted,
Reginald Harris

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on 5/30/05

Lynn D. Willenbrink
Asst. Attorney General
110 Sherman St.
Hartford, Conn. 06105

Reginald Harris

(5.)