UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
REGINALD HARRIS                     :
                                    :               PRISONER
     v.                             :  Case No.  3:02CV665(DFM)
                                    :
JOHN ARMSTRONG, et al.              :
```

RULING AND ORDER

Plaintiff seeks reconsideration of the court's ruling denying his motion for appointment of counsel and has filed another motion for appointment of counsel.  For the reasons stated below, the motions are denied.

Rule 7(c)1, D. Conn. L. Civ. R., provides that a motion for reconsideration must be filed within ten days of the date of the decision from which relief is sought.  The court denied plaintiff's motion for appointment of counsel by ruling filed on June 8, 2005.  (See Doc. #46.)  Thus, plaintiff had until June 22, 2005, to file a motion for reconsideration.

A motion filed by a prisoner is considered filed on the day the prisoner gives the motion to prison officials for mailing to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  Plaintiff certifies that he

mailed a copy of the motion to defendants' counsel on July 4, 2005.  The court assumes that he gave his motion to prison officials to be mailed to the court on the same date.  Thus, the motion was filed twelve days after the date of the decision.  Accordingly, plaintiff's motion [**doc. #47**] is **DENIED** as untimely filed.

Further, even if the court were to consider the motion on the merits, it would be denied.  The standard for granting a motion for reconsideration is strict.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id.  The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ."  LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

Plaintiff has attached to his motion letters from three law firms declining assistance.  Plaintiff did not receive the letters, which are dated June 21, 2005, June 24, 2005, and June 27, 2005, until after the court ruled on his motion.  Thus, they

are not facts that the court overlooked when ruling on the motion and do not support reconsideration of the court's ruling.

Plaintiff also has filed another motion seeking appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. In the ruling denying plaintiff's previous motion, the court instructed him to submit with any subsequent motion, evidence that he was unable to obtain legal assistance on his own. Plaintiff filed this motion before he received the court's ruling. However, because he has attached letters from three law firms to his motion for reconsideration, the court will consider those letters as if they had been attached to the motion for appointment of counsel.

The Second Circuit has made clear that before an appointment of pro bono counsel even is considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Although plaintiff has identified three law firms that declined representation, he does not indicate that he contacted Inmates' Legal Assistance Program, the organization under contract with the Connecticut Department of Correction to provide legal assistance to inmates.  Because he has not yet contacted Inmates' Legal Assistance Program, the court cannot conclude that plaintiff is unable to obtain legal assistance on his own.  Thus,

3

his motion for appointment of counsel [**doc. #45**] is **DENIED** without prejudice.

In conclusion, plaintiff's motion for reconsideration [**doc. #47**] is **DENIED** as untimely filed and his motion for appointment of counsel [**doc. #45**] is **DENIED** without prejudice.  If plaintiff files another motion for appointment of counsel, he should indicate why the legal assistance available from Inmates' Legal Assistance Program is inadequate at this stage of litigation.

**SO ORDERED** this 30th day of September, 2005, at Hartford, Connecticut.

 /s/ Donna F. Martinez  
DONNA F. MARTINEZ  
UNITED STATES MAGISTRATE JUDGE