UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Reginald Harris | : | PRISONER |
| | | 3:02CV665(DFM) |
| v. | : | |
| John Armstrong, et al | : | SEPTEMBER __, 2005 |

### AFFIDAVIT OF JOAN DOBSON

The undersigned, having been duly sworn, hereby deposes and says:

1. I am over the age of 18 and understand and believe in the obligation of an oath.

2. I am a Registered Nurse working as a Correctional Head Nurse Supervisor, having held this position since February of 2001. I have been working at Garner Correctional Institution (hereinafter "Garner") for over 11 years. Prior to my promotion to Correctional Head Nurse Supervisor, I worked as a Correctional Head Nurse. I have always worked the Second Shift at Garner, which goes from 4 pm until 12 pm every day.

3. My responsibilities as Correctional Head Nurse Supervisor include responding to grievances, supervising all second shift nurses, responding to emergencies and responding to my supervisor, the Health Services Administrator, and coordinating and communicating with custodial and medical staff. My responsibilities have never consisted of scheduling or coordinating routine dialysis treatment or transportation for dialysis patients.

4. From June 15, 2001 until October 3, 2001, I did not ignore any grievance filed by the plaintiff, nor have I ever failed to treat one of his emergency grievances in an appropriate fashion based on the applicable Administrative Directive. Administrative Directive 9.6 states that an emergency grievance is one which presents "a threat of death or injury; ... a threat of

disruption of facility operations; or ... a need for prompt disposition because the time is lapsing when meaningful action or decision is possible."

5. I am unaware of Dr. Minzger Tung ever interfering with any inmate's dialysis.

6. I looked for all of the medical grievances the plaintiff filed while he was at Garner.

7. I found only four medical grievances filed by the plaintiff while he was at Garner dated July 18, 2001; August 28, 2001, September 30, 2001, and November 30, 2001. Exs. F; G; H; J. I also reviewed the grievance log for that time period. All medical grievances filed by inmates were then and are logged and copies are made and maintained pursuant to Administrative Directive 9.6. The plaintiff did not file any medical grievances other than the four listed above.

8. In the first grievance dated July 18, 2001, the plaintiff complains of two medications not being received by him. Ex. F.

9. He complains that a cream for his skin condition of psoriasis was not received as well as his blood pressure medications, making no mention whatsoever of dialysis or even dialysis related issues. Ex. F.

10. In the second grievance, dated August 28, 2001, the plaintiff again complains about ointment and shampoo for his skin condition, and also complains about "all meds, ice and vitamins". Ex. G.

11. The response notes two kinds of medicine for the plaintiff, Lopressor and Procardin, both of which are medicines used to treat high blood pressure. Ex. G.

12. The plaintiff had not been prescribed any medication that assisted his kidney function or his dialysis treatment at the time. Ex. G. It was this second grievance which Nurse Dobson stated was not a true emergency and converted to a regular grievance. Ex. G.

13. Nurse Dobson's response to this grievance was perfectly adequate and did not endanger the plaintiff's life or medical condition in any way. Ex. G.

14. Likewise, in the plaintiff's third grievance, dated September 30, 2001, he discusses medications he claims he did not receive. Ex. H.

15. The medicines referred to on the grievance are Lopressor and Nifedipine, both of which are used to treat high blood pressure. Exs. D; E; H. This third grievance was not filed as an emergency grievance. Ex. H.

16. In an attachment to this grievance, the plaintiff says that he has not received the prescription for "multi-vitamins, Tylenols and ice after treatments." Ex. H.

17. On his final grievance, dated November 30, 2001, the plaintiff again designated his issue as an emergency. Ex. J. In this grievance, the plaintiff claims that "Medical didn't return phonecall for medications and ice as prescribed by Doctor. Also, Consultation form from dialysis need be collected ASAP." Ex. J.

18. He also complains about ice. Ex. J. In responding, I noted that the plaintiff receives ice chips every day and that ointment and tums were dispensed to the plaintiff. Ex. J.

19. I concluded that this "emergency" grievance was, again, not a true emergency. Ex. J.

20. At no time did I conspire with Dr. Tung or anyone else to deprive the plaintiff of medical care, nor did I ever deprive him of medical care. I implemented all doctors' orders that fell within my responsibility with regard to the plaintiff.

                                                                                  _Joan E. Dobson_ 9/30/05
                                                                                    Joan E. Dobson

Subscribed and sworn to before me this 30th day of September 2005.

                                                                                    _Cynthia signature_
                                                                                  Commissioner of the Superior Court/
                                                                                  Notary Public  My Commission expires 5-31-10