UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 OCT 17 P 4: 39
U.S. DISTRICT COURT
BRIDGEPORT, CONN

REGINALD HARRIS            PRISONER

V                           CIVIL NO 3;02CV665

JOHN ARMSTRONG ET. AL      OCTOBER 5 2005

### A. MOTION FOR SUMMARY JUDGMENT

Petitioner moves this court in pursuant to Federal Practice Book Rule 56(a) Summary Judgment, rules for a judgment in this matter. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after services of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

### B. BRIEF HISTORY OF PROCEEDINGS

1. Petitioner was sentenced to 28 years for accessorial liability charges. During the 17 years incarcerated, Petitioner contracted a kidney disease and subsequently had to be placed on dialysis. Inwhich he recieves treatments three times weekly for life.

2. Petitioner filed a 1983 complaint against the head of the department of corrections and the doctor who deliberately denied treatments by his actions. And the nurse who'd constantly ignore or underminded petitioners medical needs via request & grievances

3. Petitioner filed for summary judgment, court ruled it was incomplete and premature. So it was dismissed without prejudice along with request for appointment of counsel.

4. Defendants attempted to have the complaint dismissed. The court ruled in part and denied part. Petitioner was instructed to go fourth with complaint. So interrogatories and request for discovery was inquired by petitioner.

5. Defendants asked the court for a 60 day extension to file a summary judgment , the court having continued the matter before for the defendants , denied the 60 days but allowed a few weeks. October 1, 2005 was what the court granted. No motion in this summary form by the defendants has been filed.

### C. ARGUMENT

1. The petitioner alleges the defendant Armstrong was at all time where denials and cruel and unusual punnishments were mentioned as the exhibits support , was responsible in his position as the Commissioner of the department of corrections , for the actions of his staff.

2. The petitioner alleges the denial of the items as double or air mattress, ice chips nightly and proper diet and the adequate despensing of medications all as a doctor had ordered or even prescribed , are very cruel and unfair practices for the fact the petitioner had already been recieving such as exhibits will show.

3. The petitioner alleges the denial of his dialysis treatments caused irreversible damages as well as shortened his life expectancy , and belives policies should be put in place to do accommodate those with the same illness. Petitioner had been going to the Saint Francis dialysis center, there he had at all times an onboard doctor, onboard dietician, social worker as well But after the change to dialysis inside the MacDougall prison, it all become very haphazzard in the way the medical handled this. In fact there was no docbor onboard or to petitioners immediate need, neither were there ever a social worker to assist in the

mental and sometimes suicidal feelings patients on dialysis have. No Dietician to monitor petitioners diet. In fact there only was A Mr DeVoe not in the building who was in charge of the state of Connecticut prison systems foods and diets. He was not qualified to control dialysis patients diets, he had no training in that field. Nor could he make the very immediate change in diet as after that days dialysis treatment may call for. So petitioner had to take the initiative and not eat the food served to him that was extremely harmful, possibly deadly. Months full of days and nights the petitioner went without food, suffering from hunger.

4. The changing of going outside for dialysis to staying inside made many complications in the petitioners health. Also the treatments were risky for the plumbing sysytem was inadequate for about a year. Basically all medical personal compromises the health and wellfare of the inmates.

### D. CONCLUSION

For the reasons herein and stated in the attached memorandum of law and material facts & genuine issues in support of summary judgment, request that this court grant petitioners summary judgment and award what the court deems fair and just.

**CERTIFICATIONM**
I hereby certify a copy of this has been maile to attorney generals office on 5 of October, 2005

Lynn D. Wittenbrink
Asst. Att. Gen.
110 Sherman Street
Hartford, Conn. 06105

by *Reginald Harris*
Reginald Harris 13817
MacDougall Corr.
1153 East St South
Suffield, Conn. 06080

Respectfully submitted,
by *Reginald Harris*
Reginald Harris 13817
MacDougall Corr.
1153 East St. South
Suffield, Conn. 06080