UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
REGINALD HARRIS                    :
                                   :              PRISONER
    v.                             :   Case No.  3:02CV665(DFM)
                                   :
JOHN ARMSTRONG, et al.             :
```

RULING AND ORDER

The plaintiff seeks reconsideration of the court's ruling denying his June 2005 motion for appointment of counsel. For the reasons stated below, the motion is denied.

As the court explained in its ruling denying a previous motion for reconsideration, Rule 7(c)1, D. Conn. L. Civ. R., provides that a motion for reconsideration must be filed within ten days of the date of the decision from which relief is sought. The court denied the plaintiff's motion for appointment of counsel by ruling filed on September 30, 2005. (See Doc. #52.) Thus, the plaintiff had until October 14, 2005, to file a motion for reconsideration.

A motion filed by a prisoner is considered filed on the day the prisoner gives the motion to prison officials for mailing to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v.

Lack, 487 U.S. 266, 270 (1988)). The plaintiff fails to include in his certificate of service the date on which he mailed a copy of the motion to defendants' counsel. The motion, however, is dated October 31, 2005. Thus, he could not have given his motion to prison officials for mailing to the court before that date. Accordingly, the motion was mailed thirty-one days after the date of the decision.

Even if the motion had been timely, however, the requested relief should be denied. In the September 30, 2005 ruling denying the plaintiff's second motion for appointment of counsel, the court noted that the plaintiff had not indicated that he contacted Inmates' Legal Assistance Program and instructed him that, if he filed another motion for appointment of counsel, he must indicate why the assistance available from Inmates' Legal Assistance Program was inadequate at this stage of litigation.

The plaintiff has attached to his motion for reconsideration one page from an August 23, 2005 letter from an attorney at Inmates' Legal Assistance Program. The attorney informs the plaintiff that he or she cannot assess the merits of his claim because he did not supply a copy of the complaint or his medical records. The attorney then begins to provide general advice if the plaintiff is seeking treatment or if he is seeking damages for negligence. The plaintiff states that he was not aware that he should have included this information with his motion.

The portion of the letter indicates that the plaintiff did not provide sufficient information to Inmates' Legal Assistance Program for the attorney to advise him regarding the merits of his case. The plaintiff provides no evidence to show that he subsequently provided that information or that Inmates' Legal Assistance Program has indicated whether legal assistance will be provided. Thus, appointment of pro bono counsel is not warranted at this time.

In conclusion, the plaintiff's motion [**doc. #58**] is **DENIED**.

**SO ORDERED** this 27th day of February, 2006, at Hartford, Connecticut.

/s/ Donna F. Martinez
DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE